ORIGINAL

WILLIAM A. MOLINSKI (No. 145186)
Email: wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Telephone: 213/629-5855
Facsimile: 213/612-2499

PAMELA PHILLIPS (No. 87581)
Email: pphillips@howardrice.com
JONATHAN W. HUGHES (No. 186829)
Email: jhughes@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

FILED

DEC 1 2 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

Attorneys for Defendants
ORRICK, HERRINGTON & SUTCLIFFE, LLP,
JAMES BROOKS, JAMES GERIAK, HOPE
MELVILLE, JEFF MILLER, KURT MULVILLE,
KENNETH ROBERTS and DAVID WANG

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re LYON & LYON, LLP,<br><br>Debtor. | No. LA-03-10365-VZ<br><br>Chapter Number: 11 [Confirmed] |
| DAVID A. GILL, POST-CONFIRMATION TRUSTEE,<br><br>Plaintiff,<br><br>ORRICK, HERRINGTON & SUTCLIFFE, LLP, a California limited liability partnership; JAMES BROOKS, an individual; JAMES GERIAK, an individual; HOPE MELVILLE, an individual; JEFF MILLER, an individual; KURT MULVILLE, an individual; KENNETH ROBERTS, an individual; SAMUEL STONE, an individual; and DAVID WANG, an individual,<br><br>Defendants. | Adv. Proc. No. AD 05-01219<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(C)<br><br>Trial Date: December 10, 2007<br>Time: 1:30 p.m.<br>Dep't: 1368<br>Judge: Hon. Vincent P. Zurzolo |

DEFENDANTS' MOTION FOR JUDGMENT UNDER FRCP 52(C)

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 12, 2007, at the close of Plaintiff's liability case, or as soon thereafter as the matter may be heard in the courtroom of the Honorable Vincent P. Zurzolo, United States Bankruptcy Court - Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Room 1368, Los Angeles, CA 90012, defendants will, and hereby do, move for a judgment in their favor pursuant to Federal Rule of Civil Procedure 52(c) for three independent reasons.

First, the Trustee failed to meet his burden to prove that any defendant worked on any matter constituting Lyon & Lyon's unfinished business. Second, the Trustee failed to meet his burden to prove that the Lyon & Lyon partners did not have an agreement pertaining to the division of post-dissolution fees. Third, the Trustee failed to prove that the non-party former partners of Lyon & Lyon met their reciprocal obligations under the Unfinished Business Rule.

The Trustee has the burden to prove each of these elements to establish the applicability of the Unfinished Business Rule to defendants. All of the Trustee's remaining four causes of action depend upon the applicability of the Unfinished Business Rule. Because he failed to meet his burden to prove that the Rule applies, he has failed to meet his burden to prove any of his four remaining causes of action.

The Motion is based on the pleadings; this Notice and Motion; the Memorandum of Points and Authorities following herein; the documents and testimony admitted into evidence in Plaintiff's liability case; and such other and further papers and argument as may be submitted to the Court in connection with the Motion.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants move for Judgment pursuant to Federal Rule of Civil Procedure 52(c), which provides that "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. Proc. 52(c).  The Trustee has now rested his case with respect to liability; thus he has been "fully heard" on the issue of liability as to each of his remaining four causes of action.

The parties agree that as a predicate to each of his four remaining causes of action, the Trustee has the burden to prove that defendants "owe an obligation to Lyon & Lyon for their work on unfinished business of Lyon & Lyon after its dissolution."  First Amended Pre-trial Stipulation ("Pre-trial Stip.") at 4:17-24.  To establish that legal predicate, the parties agree that the Trustee bears to burden to prove at least the following three elements to establish that legal predicate:

(a) "Defendants were equity partners at the time of Lyon & Lyon's dissolution" (Pre-trial Stip. at 9:8-9);

(b) "the Lyon partners did not reach any agreement regarding the allocation of post-dissolution fees derived from work by former Lyon partners on Lyon's unfinished business" (*id.* at 9:13-16); and

(c) "[t]he post-Lyon & Lyon dissolution services that Orrick, including the former Lyon partners working at Orrick, provided on work previously handled by Lyon constituted 'unfinished business' of Lyon & Lyon" (*id.* at 12:1-4).

Defendants contend that the Trustee has the additional burden to prove that (d) "the non-party former Lyon & Lyon partners have met their reciprocal obligations under the unfinished business rule." *Id.* at 8:25-27.

Defendants move for Judgment in their favor on the grounds that the Trustee has failed

to meet his burden to prove the following elements of the legal predicate to each of his claims:

(b)  that the Lyon partners had no agreement regarding post-dissolution fees,

(c)  that the work constituted the unfinished business of Lyon & Lyon, and

(d)  the additional element that the other former Lyon & Lyon partners have met their reciprocal obligations under the unfinished business rule.

## ARGUMENT

### I.  THE TRUSTEE FAILED TO MEET HIS BURDEN TO PROVE THAT THE LYON PARTNERS HAD NO AGREEMENT REGARDING POST-DISSOLUTION FEES.

Under the Unfinished Business Rule, partners are entitled to share "income generated through the winding up of unfinished business" *only* "absent a contrary agreement." *Jewel v. Boxer*, 156 Cal. App. 3d 171, 176, 203 Cal. Rptr. 13 (1984). Thus, it is the Trustee's burden to prove the absence of such a "contrary agreement." He failed to meet that burden. The evidence shows that the Lyon & Lyon partners did in fact enter into agreements contrary to a right or obligation to share "income generated through the winding up of unfinished business."

First, unlike all of the cases upon which the Trustee relies, in this case, the partners had a Partnership Agreement that contains a section specifically addressing the partners' rights, duties and economic relationship upon the firm's dissolution. *See* Ex. 1 (Partnership Agreement) §14. Section 14 of the Partnership Agreement governs the entire economic relationship among the partners with respect to the division of fees received *after* dissolution. *Id.* §14.2. Specifically, the partners agreed that they would be limited to distributions of profits associated with fees received for services "previously rendered"— meaning services rendered *before* dissolution. *See id.* ("All cash belonging to the Partnership exceeding such minimum balance and *all fees thereafter received* by the Partnership *for services previously rendered shall be distributed* to the Partners in proportion to the units assigned the Partners" (emphasis added)).

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

James Geriak testified regarding his understanding of this Section 14.2 as a 40-year attorney with the firm and long-time member of the firm's Executive Committee.  Mr. Geriak testified that this provision governed the allocation of fee income received after dissolution and that the partners agreed through this Section 14.2 that the only such fees to which the partners would be entitled were fees received for services performed before dissolution.  There is no evidence to the contrary.

Second, the evidence shows that the partners agreed to and adopted the Plan of Dissolution, which likewise is contrary to any right or obligation of the Lyon & Lyon partners to share "income generated through the winding up of unfinished business."  The Plan of Dissolution expressly preserves and reaffirms Section 14.2 and 14.3 of the Partnership Agreement.  Ex. 207 (Plan of Dissolution) ¶17.  The Plan of Dissolution is thus a reaffirmation by the partners that they were choosing to share income received after dissolution *only* for services "previously rendered."  Such an agreement precludes any right or obligation to share income generated through the winding up of unfinished business. Consistent with their agreement not to share income generated through the winding up of unfinished business, the partners also agreed to waive their right to an accounting during the winding up period vis-a-vis each other. *Id.* ¶15.

The Partnership Agreement and the Plan of Dissolution constitute an economic bargain among the partners, including specific agreements about post-dissolution payments, that is sufficiently "contrary" to any right or obligation of the Lyon & Lyon partners to share "income generated through the winding up of unfinished business." *See Lyon v. Lyon*, 246 Cal. App. 2d 519, 523, 54 Cal. Rptr. 829 (1966) (finding that a partnership agreement's dissolution clause that required an inventory of "the assets, liabilities, and income" of the partnership, but did not discuss the distribution of post-dissolution fees, fell outside the Unfinished Business Rule); *see also Kelly v. Smith*, 611 N.E.2d 118, 121 (Ind. 1993) (where the partners strike an entire economic bargain, the court will not change the terms of that comprehensive economic bargain by changing only one piece of it: "To impose the [parties'] agreement on one half of the equation and the Uniform Partnership Act on the other half of

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

the equation leads to an inequitable result and defeats the intent of the parties in creating the agreement").[1]

For these reasons, the Trustee failed to meet his burden to prove element (b) of the legal predicate for each of his four causes of action. Accordingly, the Court should enter Judgment in favor of defendants and against Trustee on each cause of action.

## II.   THE TRUSTEE FAILED TO MEET HIS BURDEN TO PROVE THAT ANY DEFENDANTS PERFORMED SERVICES ON ANY MATTERS THAT CONSTITUTED THE UNFINISHED BUSINESS OF LYON & LYON.

The Trustee likewise failed to meet his burden to prove that defendants performed services on any matters that constituted the unfinished business of Lyon & Lyon. This likewise is a fatal failure of proof with respect to each of the Trustee's remaining four causes of action.

The legal test of what constitutes "unfinished business" is whether there was in existence on the date of a dissolution an executory contract between the partnership and the client requiring the partnership to perform services after the date of dissolution. *Rosenfeld, Meyer & Susman v. Cohen*, 146 Cal. App. 3d 200, 217, 194 Cal. Rptr. 180 (1983) ("*Rosenfeld I*"). "[W]here no duty to perform the services rests on the partnership at the time of dissolution, such services as may thereafter be performed by either of the former partners under contracts of employment subsequently made with former clients cannot be considered 'unfinished business' of the partnership at the time of the dissolution." *Heywood v. Sooy*, 45 Cal. App. 2d 423, 427, 49 P. 2d 826 (1941).

The theory of the Trustee's case is that the various matters that were in progress at Lyon & Lyon for Cadence as of the dissolution constituted Lyon & Lyon's unfinished business. However, the evidence shows that, as of the date of dissolution, Lyon and Lyon had "acquiesced" in terminating its contracts with the clients whose matters are at issue in this case. The evidence shows that at that insistence of Lyon & Lyon's management (*see,*

---

[1]Defendants' Trial Brief provides a more comprehensive analysis of this issue. *See* Defs.' Trial Brief at 16-20.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
*A Professional Corporation*

*e.g.,* Exs. 206, 208), the partners cooperated in working to shed the firm of any "unfinished business" by terminating attorney-client relationships between the firm and its clients effective as of the date of dissolution. That's exactly what Lyon & Lyon did with Cadence. *See* Exs. 17-19.

There can be no question that Lyon & Lyon and Cadence terminated their attorney-client relationship prior to Lyon & Lyon's dissolution. Under California law, clients have an absolute right to terminate counsel at any time, with or without cause. *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972). "[N]o special formality is required to effect the discharge of an attorney. Any conduct by the client demonstrating an unmistakable purpose to sever the relationship is sufficient." 23 Williston on Contracts § 62:6 (4th ed.). Thus termination may be by conduct, or by implication. *See Gonzalez v. Kalu*, 140 Cal. App. 4th 21, 30-31, 43 Cal. Rptr. 3d 866 (2006) (attorney's termination of attorney-client relationship may be "inferred from the circumstances" so long as the client "actually has or reasonably should have no expectation that the attorney will provide further legal services"); *Beal Bank, SSB v. Arter & Hadden, LLP*, 42 Cal. 4th 503, 511-12, 66 Cal. Rptr. 3d 52 (2007) ("When a lawyer leaves a firm and takes a client with him, the firm's representation of the client ceases").

A declaration by either party that the attorney-client relationship has ended is also sufficient to terminate the relationship. *See Artromick Intern., Inc. v. Drustar, Inc.*, 134 F.R.D. 226, 230 (S.D. Ohio 1991) ("because mutual subjective intent is sufficient to create the [attorney-client] relationship, and its continuation is dependent upon both parties continuing to have that intent, a declaration—by word or deed—by either party that the relationship has ended is sufficient to cause it to end"). Accordingly, an attorney terminates the relationship if he declares that "he would take no further action in the case." *Donnelly v. Ayer*, 183 Cal. App. 3d 978, 983, 228 Cal. Rptr. 764 (1986) (finding that the attorney-client relationship ended when the attorney told the client that "he would take no further action in the case").[2]

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

---

[2]Upon termination of the attorney-client relationship, the attorney is required to
(continued . . . )

DEFENDANTS' MOTION FOR JUDGMENT UNDER FRCP 52(C)

-6-

The evidence is overwhelming that Lyon & Lyon and Cadence terminated their attorney-client relationship, and that this termination relieved Lyon & Lyon of any further obligations to Cadence, effective as of August 31, 2002.

On August 28, 2002, Lyon & Lyon partner James Brooks sent a letter to Cadence general counsel Smith McKeithen. Ex. 17. The evidence shows that Brooks and McKeithen had a telephone call before Brooks sent the letter and agreed to terminate the attorney-client relationship between Cadence and Lyon & Lyon effective as of August 31, 2002. Brooks sent his August 28 letter memorializing that agreement in writing (Ex. 17), and, at Brooks's request, McKeithen sent emails (Exs. 18, 19) expressly authorizing the transfer of Cadence's files and matters from Lyon & Lyon to Orrick. McKeithen testified that he authorized the transfer to Orrick of *all* the Cadence matters and files being handled at Lyon & Lyon, including the matters for which Brooks was responsible, and the matters for which Jeff Miller, another Lyon & Lyon partner, was responsible.

The Trustee is simply wrong about the legal standard for what constitutes unfinished business, and the Trustee's entire case rests upon his incorrect understanding of the rule. The test is not merely that the *matter* was in progress as of the date of dissolution, or that *an attorney* was engaged in the representation as of the date of dissolution and then continued it at another firm.[3] The test is "whether there existed, at the time of the dissolution, any contract of employment between the partnership and the clients for the performance by the

( . . . continued)
promptly release all the client's papers and property. Cal. R. Prof. Cond. 3-700(D)(1). There is no merit to the Trustee's proposition that the mere retention of client files revives an otherwise terminated attorney-client relationship. *See* Pltf.'s Reply In Support Of Its Motion *In Limine*, filed December 7, 2007, at 6 n.3. Such a result would be absurd for several reasons, including the fact that it would allow the attorney to unilaterally re-establish the relationship despite the client's express instructions to the contrary. *See Fracasse*, 6 Cal. 3d at 790 ("Clients have an absolute right to terminate counsel at any time, with or without cause").

[3]The Trustee's mistaken understanding of the Unfinished Business Rule is based on language from cases in which the dissolving partnerships *did not*, as Lyon & Lyon did, voluntarily terminate their contracts with clients prior to dissolution. Those cases are distinguishable and inapplicable here.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

DEFENDANTS' MOTION FOR JUDGMENT UNDER FRCP 52(C)

-7-

partnership of the services thereafter claimed to be unfinished business." *Rosenfeld I*, 146 Cal. App. 3d at 217. Because the attorney-client relationship between Cadence and Lyon & Lyon was severed on August 31, 2002, thus relieving Lyon & Lyon of any further obligations to Cadence, the Cadence matters did not constitute Lyon & Lyon's "unfinished business."[4]

III. **THE TRUSTEE FAILED TO MEET HIS BURDEN TO PROVE THAT THE NON-PARTY FORMER LYON PARTNERS HAVE MET THEIR RECIPROCAL OBLIGATIONS UNDER THE UNFINISHED BUSINESS RULE.**

The law is clear that the Trustee cannot enforce any obligations under the Unfinished Business Rule against defendants in the absence of carrying his burden to prove that the non-party former Lyon & Lyon partners met their reciprocal obligations under the Rule. *See* 48 Cal. Jur. 3d Partnership §167 ("[i]n an action for a partnership accounting, an adjustment of the parties' several rights and obligations growing out of the partnership venture cannot be had unless all the parties to the transactions are before the court"); *Rosenfeld, Meyer & Susman v. Cohen*, 191 Cal. App. 3d 1035, 1049, 237 Cal. Rptr. 14 (1987) ("*Rosenfeld II*") ("[t]he proper procedure is to resolve all of the competing claims, and then render a net judgment, after offsets, in favor of the partners with the greater claims"); *Prince v. Harting*, 177 Cal. App. 2d 720, 732-33, 2 Cal. Rptr. 545 (1960) (when seeking an accounting, "[t]he whole subject matter in controversy between the parties, *which includes all the partnership transactions of each and all the partners*, is the subject of the adjudication, and the account and decree *must include* all these matters, and leave nothing open for future litigation or controversy" (emphases added)).[5]

The evidence shows that the Trustee deliberately chose not to require any former Lyon & Lyon partners other than the individual defendants to account back to Lyon & Lyon for

---

[4]If it would be helpful to the Court, Defendants can provide a supplemental briefing on the attorney-client relationship and how it is terminated.

[5]Defendants' Supplemental Trial Brief, filed December 11, 2007, provides a more comprehensive analysis of this issue.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

the profits they earned on post-dissolution matters for former Lyon & Lyon clients. The Trustee could have obtained the necessary evidence for a full accounting through depositions and subpoenas. Had he done so, he could have collected the information necessary to grant defendants an offset against any profits they earned for which the Trustee now seeks an accounting. Because the Trustee failed to meet his burden to prove the reciprocity element of the legal predicate for each of his four causes of action, the Court should enter Judgment in favor of defendants and against Trustee on each cause of action.

## CONCLUSION

For the reasons stated above and pursuant to Federal Rule of Civil Procedure 52(c), the Court should enter Judgment in favor of defendants and against Trustee on each of the four remaining causes of action.

DATED: December 12, 2007.

Respectfully,

WILLIAM A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP

PAMELA PHILLIPS
JONATHAN W. HUGHES
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: _____
           PAMELA PHILLIPS

Attorneys for Defendants ORRICK, HERRINGTON & SUTCLIFFE, LLP, JAMES BROOKS, JAMES GERIAK, HOPE MELVILLE, JEFF MILLER, KURT MULVILLE, KENNETH ROBERTS and DAVID WANG

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation